# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| In re: | CASE NO. 19-5032 BHS |
| THE BIRTH DATE OF DON TRI LE | ORDER REQUESTING RESPONSE |

This matter comes before the Court on the petition of Don Tri Le ("Petitioner") to establish his date of birth. Dkt. 2.

On August 19, 2019, Petitioner filed the instant petition and motion for an order requiring United States Citizenship and Immigration Service ("USCIS") to issue an amended certificate of naturalization. *Id.* On June 7, 2019, USCIS informed Petitioner that it cannot process his request to change his date of birth on his naturalization certificate because it lacks the power to do so. *Id.* at 11–13.

As the federal court which presided over petitioner's naturalization in 1985, this Court has jurisdiction to correct and/or alter its decree naturalizing petitioner. *Collins v. U.S. Citizenship & Immigration Servs.*, 820 F.3d 1096, 1100 (9th Cir. 2016) ("Collins's

previously existing right to petition for modification is governed by the provisions of the pre–1990 Immigration Act, and, by virtue of the savings clause, the federal courts may appropriately exercise jurisdiction over his petition to modify his court-issued certificate of naturalization under 8 U.S.C. § 1451(i) (1988)."). It appears, however, that the proper procedure is to file a motion under Federal Rule of Civil Procedure 60. *See id*. at 1098 ("The district court sua sponte construed Collins's petition as a Federal Rule of Civil Procedure 60 motion to amend his court-issued naturalization certificate."); *see also Aderajew v. Dept. of Homeland Security*, Cause No. 16-cv-00819-RAJ, Dkt. 5 (W.D. Wash. Sept. 19, 2016) (United States' brief opposing petition to amend naturalization certificate for failure to comply with Rule 60). Depending on the reasons for the Rule 60(b) motion, the movant must file the motion "no more than a year after the entry of the judgment or order or the date of the proceeding" or "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In this case, it appears that Petitioner may only seek relief under Rule 60(b)(6) because he filed the motion more than one year after he was naturalized in 1983, precluding relief under subsections (1)–(3), and because subsections (4) and (5) govern void or satisfied judgments. Under 60(b)(6), a party merits relief only if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam); *see also, Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). "Rule 60(b) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). The party must

demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution of defense of the action in a proper fashion.  *Id*.

In his petition, Petitioner asserts that "he knew and became certain of his correct date of birth in 2012" and "admits he could have and should have taken an immediate action to amend" his certificate.  Dkt. 2, ¶ 20.  Although these facts seem to preclude relief, Petitioner also asserts that he "was unable to take this step earlier due to his stringent work commitments that required him to travel abroad for lengthy periods of time" and that he "was going through difficult family times between 2012 and 2019 that eventually led to his divorce."  *Id.*  The Court finds that these facts alone do not establish that extraordinary circumstances prevented or rendered him unable to rectify the inaccurate birthdate or that denying the petition would result in either an injury to Petitioner or a manifest injustice.  Therefore, the Court will allow Petitioner an opportunity to respond to these issues.  Because Petitioner has a deadline of September 2, 2019, Dkt. 2 at 11, the Court requires a response no later than August 29, 2019 at 12:00PM.  Failure to respond will result in **DENIAL** of the petition.  If Petitioner responds, the Court will issue a ruling by August 30, 2019.

**IT IS SO ORDERED**.

Dated this 28th day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge