UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re:<br><br>THE BIRTH DATE OF DON TRI LE | CASE NO. 19-5032 BHS<br><br>ORDER GRANTING PETITION TO AMEND CERTIFICATE OF NATURALIZATION |

This matter comes before the Court on the petition of Don Tri Le ("Petitioner") to establish his date of birth, Dkt. 2, and his supplemental response and declaration, Dkts. 4, 5.

On August 19, 2019, Petitioner filed the instant petition and motion for an order requiring United States Citizenship and Immigration Service ("USCIS") to issue an amended certificate of naturalization. *Id.* On June 7, 2019, USCIS informed Petitioner that it cannot process his request to change his date of birth on his naturalization certificate because it lacks the power to do so. *Id.* at 11–13.

As the federal court which presided over petitioner's naturalization in 1985, this Court has jurisdiction to correct and/or alter its decree naturalizing petitioner. *Collins v. U.S. Citizenship & Immigration Servs.*, 820 F.3d 1096, 1100 (9th Cir. 2016) ("Collins's

previously existing right to petition for modification is governed by the provisions of the pre–1990 Immigration Act, and, by virtue of the savings clause, the federal courts may appropriately exercise jurisdiction over his petition to modify his court-issued certificate of naturalization under 8 U.S.C. § 1451(i) (1988)."). It appears, however, that the proper procedure is to file a motion under Federal Rule of Civil Procedure 60. *See id.* at 1098 ("The district court sua sponte construed Collins's petition as a Federal Rule of Civil Procedure 60 motion to amend his court-issued naturalization certificate."); *see also Aderajew v. Dept. of Homeland Security*, Cause No. 16-cv-00819-RAJ, Dkt. 5 (W.D. Wash. Sept. 19, 2016) (United States' brief opposing petition to amend naturalization certificate for failure to comply with Rule 60). Depending on the reasons for the Rule 60(b) motion, the movant must file the motion "no more than a year after the entry of the judgment or order or the date of the proceeding" or "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In this case, it appears that Petitioner may only seek relief under Rule 60(b)(6) because he filed the motion more than one year after he was naturalized in 1983, precluding relief under subsections (1)–(3), and because subsections (4) and (5) govern void or satisfied judgments. Under 60(b)(6), a party merits relief only if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam); *see also, Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). "Rule 60(b) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). The party must

| | |
|---|---|
| 1 | demonstrate both injury and circumstances beyond his control that prevented him from |
| 2 | proceeding with the prosecution of defense of the action in a proper fashion. *Id*. |
| 3 | In his response, Petitioner has satisfied his burden to establish injury and |
| 4 | exceptional circumstances. Regarding injury, Petitioner would be forced to work another |
| 5 | nineteen months before he was eligible for retirement if his petition was not granted. |
| 6 | This is sufficient injury to warrant equitable relief. Regarding exceptional circumstances, |
| 7 | Petitioner has shown that family members' illnesses and family personal matters |
| 8 | impaired his ability to prosecute this matter sooner. The Court finds that, under the facts |
| 9 | of this case, this qualifies as exceptional circumstances to warrant relief. Thus, the Court |
| 10 | turns to the merits of the petition. |
| 11 | Regarding the merits, Petitioner has shown by clear and convincing evidence that |
| 12 | his birthdate is _____ based on his birth certificate from Vietnam. Therefore, |
| 13 | the Court **GRANTS** the petition and Petitioner's date of birth is hereby declared to be |
| 14 | _____. The Court corrects its prior judgment or decree naturalizing petitioner to |
| 15 | reflect a birth date of _____, and USCIS is directed to issue petitioner an |
| 16 | amended certificate of naturalization bearing that birth date. The Clerk shall file this |
| 17 | order under seal and file a redacted copy redacting the birthdates. |
| 18 | **IT IS SO ORDERED**. |
| 19 | Dated this 30th day of August, 2019. |
| 20 | |
| 21 | |
| 22 | BENJAMIN H. SETTLE<br>United States District Judge |